CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2011 DEC 13 AM 11: 38
DEPUTY CLERK ___

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MICHAEL WILLIAM BURKETT, JR., PRO SE, § <br> TDCJ-CID No. 454882, § <br> Previous TDCJ-CID No. 272351, § <br> Previous TDCJ-CID No. 306565, § <br> Previous WA State No. 742737, § <br>  § <br> Plaintiff, § <br>  § <br> v. § <br>  § <br> KEITH KENNEBREW, § <br>  § <br> Defendant. § | 2:11-CV-0065 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff MICHAEL WILLIAM BURKETT, JR., acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in forma pauperis.

Plaintiff alleges defendant KENNEBREW, also an incarcerated offender, raped and beat plaintiff, ridiculing him while doing so. Plaintiff does not state when or where the attack occurred; however, he has attached a Step 2 grievance no. 2008056707 dated January 15, 2008. On the line requiring the inmate to identify the Unit where the incident he grieves occurred, plaintiff has printed, "Clements in Amarillo, Tx." Thus, it appears the attacked occurred at the Clements Unit on or before January 15, 2008.

Plaintiff requests an award of "maximum monetary damages," including all court costs and filing fees.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by the defendant.

## THE LAW AND ANALYSIS

Plaintiff's complaint suffers from two fatal flaws: his choice of defendant and the timing of his lawsuit.

Two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States;

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

2

(2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Title 42, United States Code, section 1983 does not cover claims against purely private parties; those are relegated to the state courts. Plaintiff's allegations do not indicate defendant KENNEBREW was acting under color of state law and, therefore, do not constitute a cognizable federal claim. *See Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003).

Although there is no federal statute of limitations for civil rights actions, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). The alleged attack occurred on or before January 15, 2008, and plaintiff's Step 2 grievance was resolved on February 12, 2008. Nothing in plaintiff's allegations indicates any basis for tolling the beginning of limitations beyond the resolution of plaintiff's grievances.

Plaintiff signed and, presumably, mailed the instant lawsuit on March 22, 2011. By application of the Mailbox Rule it was filed on the date of mailing to the Court. *Houston v. Lack*, 487 U.S. 266, 271-72, 108 S.Ct.2379, 2382-83, 101 L.Ed.2d 245 (1988); *see also*, *Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir.1993) (extending *Houston*'s mailbox rule to pro se prisoners' written objections to a magistrate's proposed findings and recommendations). The period for filing any claim based on the attack by inmate KENNEBREW expired in February of 2010.

For each of the reasons set forth above, plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff MICHAEL WILLIAM BURKETT, JR., is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _13th_ day of December, 2011.

MARY LOU ROBINSON
United States District Judge